IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cindi Martzen,                                :
                  Petitioner          :
                                :
         v.                         :
                                :
Workers' Compensation Appeal      :
Board (Jo-Ann Stores),           : No. 2043 C.D. 2016
               Respondent      : Submitted: June 2, 2017

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                 FILED: December 27, 2017

           Cindi Martzen (Claimant) petitions for review of a December 14, 2016 order of the Workers' Compensation Appeal Board (Board), which reversed an order of the Workers' Compensation Judge (WCJ) granting Claimant's Reinstatement and Penalty Petitions and denying the Termination Petition of Jo-Ann Stores (Employer), and affirmed the WCJ's order granting Employer's Suspension Petition. Upon review, we vacate in part, affirm in part, and remand for further proceedings.

           Claimant worked as a store manager for Employer when she sustained a work-related injury after falling from a ladder on January 12, 2011 (2011 injury). Employer issued a medical-only Notice of Compensation Payable (NCP), recognizing the injury as a lumbar strain/sprain possible disk injury. Despite the medical-only designation of the NCP, Claimant was paid wage-loss benefits until

she returned to work approximately six weeks after she sustained her injury. Claimant filed a Claim Petition on August 23, 2012, alleging a second workplace injury occurred on July 6, 2012 (2012 injury), when a rack of clothing tipped over and caused her to fall backwards to the ground. A second Claim Petition was filed on May 30, 2013, in which Claimant alleged disfigurement resulted from the 2012 injury. The WCJ denied both petitions, finding Claimant had not suffered an injury on July 6, 2012; rather, her symptoms and need for treatment stemmed from the 2011 injury. Claimant appealed the decision and the Board affirmed. This Court affirmed the Board. *See Martzen v. Workers' Compensation Appeal Board (Jo-Ann Stores)*, (Pa. Cmwlth. No. 436 C.D. 2016, filed August 2, 2016), 2016 WL 4140845.

Employer filed a Suspension Petition regarding the 2011 injury on August 2, 2013, alleging Claimant returned to work without a loss of wages on February 28, 2011. Claimant filed a Reinstatement Petition on February 21, 2014, alleging ongoing disability related to the 2011 injury. Claimant subsequently filed a Penalty Petition, claiming Employer violated the Workers' Compensation Act[1] and Rules and Regulations of the Department of Labor and Industry (Department). Employer filed a Termination Petition on March 26, 2015, alleging Claimant had fully and completely recovered from the 2011 injury. In a decision and order issued August 24, 2015, the WCJ granted Claimant's Reinstatement and Penalty Petitions. The WCJ found the Claimant credibly testified she had not fully recovered from her 2011 injury and found the testimony of Claimant's medical expert more credible than that of Employer. In granting the Penalty Petition, the WCJ found Claimant established Employer violated the Act by stopping wage loss benefits without Bureau documents or a judge's order. The WCJ granted Employer's Suspension

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 – 1041.1, 2501-2708.

Petition for the period of February 29, 2011 through July 6, 2012, during which time Claimant returned to work. Concluding Employer failed to establish Claimant had fully recovered from her 2011 injury, the WCJ denied Employer's Termination Petition.

Employer appealed to the Board and filed a Request for Supersedeas. The Board granted the supersedeas as to the penalty imposed by the WCJ, but denied it in all other respects. In an opinion and order issued December 14, 2016, the Board reversed in part and affirmed in part the decision of the WCJ. The Board reversed the order of the WCJ to the extent it granted Claimant's Reinstatement and Penalty Petitions and denied Employer's Termination Petition. That portion of the WCJ's order which granted Employer's Suspension Petition for the period of February 29, 2011 through July 6, 2012 was affirmed. This appeal[2] followed.

Petitioner raises five issues on appeal:

I.   Whether the Board applied the wrong scope and standard of review?

II.  Whether the Board erred in finding the testimony of Claimant's medical expert equivocal?

III. Whether the Board applied the incorrect burden of proof?

IV.  Whether the Board's decision is directly inconsistent with a prior Determination?

---

[2] Our review of an order of the Board is limited to a determination of whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *Walter v. Workers' Compensation Appeal Board (Evangelical Community Hospital)*, 128 A.3d 367, 371 n.5 (Pa. Cmwlth. 2015).

3

V. Whether the Board improperly considered evidence from separate litigation?

For the sake of judicial economy, we will first address Claimant's assertion that the Board improperly determined the testimony of Claimant's medical expert, Dr. Joseph Verna (Dr. Verna), was equivocal. In its December 14, 2016 decision, the Board concluded Dr. Verna's medical testimony was equivocal because "he never waivered from his belief that Claimant sustained an injury in 2012 which led to her present condition, a fact which was rejected by the WCJ in prior litigation." (Board's Opinion at 7.)

Medical testimony is equivocal if, after a review of the medical expert's testimony, it is found to be merely based on possibilities. *Campbell v. Workers' Compensation Appeal Board (Pittsburgh Post Gazette)*, 954 A.2d 724, 730 (Pa. Cmwlth. 2008). Medical testimony will be deemed incompetent if it is equivocal. *Id.*

At a deposition held March 6, 2015, Dr. Verna was questioned regarding Claimant's symptoms and the causes thereof. Dr. Verna examined Claimant on July 9, 2012. (Deposition Testimony of Dr. Verna, 3/6/15, at 17.) At that time, Claimant reported to Dr. Verna the details of the 2011 injury, injuries sustained while gardening in June 2012, and the 2012 injury. *Id.* at 18. Dr. Verna initially stated that Claimant's complaints which presented at her July 9, 2012 examination were caused by the 2012 injury. *Id.* at 29. Only when Dr. Verna was asked to base his opinion of causation on the hypothetical that the 2012 injury never occurred did he opine that the lower back symptoms experienced by Claimant were caused by the 2011 injury. *Id.* at 31, 33. Later in his testimony, Dr. Verna reiterated his opinion that the condition of Claimant's cervical spine was "directly and causally

4

related to the [] 2012 injury." *Id.* at 37. When asked whether the 2012 injury occurred, Dr. Verna stated he believed it did. *Id.* at 45.

When taken as a whole, it is clear Dr. Verna believed the 2012 injury caused Claimant's symptoms. His opinion on causation changed, however, if he assumed the 2012 injury never occurred. Only then was the 2011 injury deemed relevant. We are compelled to conclude, as the Board did, that Dr. Verna's testimony was equivocal and incompetent.

Next, we address Claimant's argument that the Board applied the incorrect burden of proof.

In analyzing whether Claimant met her burden of proof for reinstatement of benefits, the Board looked to *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548 (Pa. 2010). *Bufford* requires that a claimant seeking reinstatement of benefits must prove his or her earning power is "once again adversely affected by his or her disability, and that such disability is a continuation of that which arose from his or her original claim. The claimant need not re-prove that the disability resulted from a work-related injury during his or her original employment. Once the claimant meets this burden, the burden then shifts to the party opposing the reinstatement petition." 2 A.3d at 558. The Board discounted the testimony of Claimant's medical expert, finding it equivocal, and reversed the decision of the WCJ, concluding the medical expert's testimony was insufficient to meet Claimant's burden of proof and rebut Employer's evidence of full recovery.

Claimant was not required, however, to satisfy her burden with expert medical evidence. Our Supreme Court in *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 642 A.2d 1083, 1085 (Pa. 1994) held as follows:

Given the nature of suspension status, which actually *acknowledges* a continuing medical injury, and suspends benefits only because the claimant's earning power is currently not affected by the injury, the testimony of a claimant alone could easily satisfy his burden of establishing that his work-related injury continues. To hold otherwise would improperly require a claimant to re-establish that which has already been agreed to and acknowledged. Therefore, we hold that expert medical evidence is not necessary to establish that the prior work-related injury continues. Rather, once a claimant testifies that his prior work-related injury continues, the burden shifts to his employer to prove the contrary. Where an employer fails to present evidence to the contrary, the claimant's testimony, if believed by the referee, is sufficient to support reinstatement of the suspended benefits.

At a June 11, 2014 hearing, Claimant testified regarding her symptoms. Claimant acknowledged she did not seek treatment from May 2011 through June 2012, but stated she resumed treatment thereafter because she was "sick of being in pain." (Transcript of Testimony (T.T.), 6/11/2014, at 18-19.) Claimant's pain was no different than what she'd experienced the year prior. *Id.* at 20. Treatment was also sought following the 2012 injury. *Id.* at 23. Claimant suffered no back or neck injuries prior to the 2011 injury. *Id.* at 42. She has not been released to work since she had surgery in January 2013. *Id.* at 46. Claimant has not sought treatment since the surgery because of the cost. *Id.* at 48. This testimony was corroborated by Dr. Verna, who testified Claimant related she voluntarily discontinued treatment because she couldn't afford it and she "felt bad" he wasn't getting paid. (Deposition Testimony of Dr. Verna, 3/6/15, at 79-80.) Claimant testified she is still in need of treatment and does not believe she is capable of working. (T.T., 6/11/14, at 49.)

6

Claimant testified at a second hearing on May 22, 2015. Claimant averred she sits in her car while pumping gas because "it's easier than standing there." (T.T., 5/22/15, at 12.) Claimant receives epidural shots to help with her back pain. *Id.* at 13. The next treatment option recommended to Claimant involves "burn[ing] her nerves." *Id.* at 14. Claimant has not yet scheduled that procedure because she is "in the process of getting brave enough to do it." *Id.* She is capable of carrying an 11-pound bag of dog food. *Id.* at 14-15. However, when Claimant planted flowers, her husband prepared the pots so she could sit on the stoop and "put them in." *Id.* at 16.

The WCJ explicitly found Claimant's testimony credible regarding her symptoms and continued disability related to the 2011 injury. (WCJ Decision, 8/24/15, at 9.) Per *Latta*, Claimant was only required to testify her prior work-related injury continued. The burden thereafter shifted to Employer to prove otherwise. Employer's expert was found by the WCJ to be less credible than Claimant's because he saw Claimant on only one occasion and agreed that Claimant reported pain and tenderness on examination. *Id.* at 10. The Board made no findings with regard to Claimant's credibility and acknowledged that the WCJ is the "sole authority for determining the weight and credibility of evidence." *Lombardo v. Workers' Compensation Appeal Board (Topps Co., Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). Absent from the Board's opinion is any analysis of whether the testimony of Employer's expert was sufficient to rebut Claimant's testimony that her work-related injury continued.

Consequently, we conclude the Board failed to exercise appropriate review in light of the burden of proof set forth in *Latta* and a remand is required. The issue on remand will be limited to whether the WCJ would reach the same

7

conclusion on Claimant's reinstatement petition without consideration of Dr. Verna's equivocal medical testimony. Given our dispositions on Claimant's second and third issues, we need not address Claimant's remaining arguments.

For these reasons, the order of the Board is vacated in part and affirmed in part and this matter is remanded for proceedings consistent with this opinion.


_____
JOSEPH M. COSGROVE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cindi Martzen,
                  Petitioner        :
                                           :
          v.                      :
                                           :
Workers' Compensation Appeal   :
Board (Jo-Ann Stores),            :    No. 2043 C.D. 2016
                  Respondent    :

O R D E R

AND NOW, this 27th day of December, 2017, the December 14, 2016 order of the Workers' Compensation Appeal Board (Board) is vacated in part and affirmed in part. We vacate the order of the Board to the extent it reverses the decision of the Workers' Compensation Judge (WCJ) to grant Cindi Martzen's Reinstatement and Penalty Petitions and deny the Termination Petition of Jo-Ann Stores (Employer). We affirm to the extent the Board's order affirmed the decision of the WCJ to grant Employer's Suspension Petition for the period of February 29, 2011 through July 6, 2012. This matter is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge